IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LEO FORD, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 2009-144 |
| AMBER CAPE PRODUCTION, LLC, et al., | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Before the Court is plaintiff's motion pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for a second extension of time to serve the defendants who have not yet been served.

PROCEDURAL HISTORY

On October 6, 2009, plaintiff filed this action and on October 7, 2009, summonses were issued as to all defendants. On November 25, 2009, several of the defendants filed a Motion to Dismiss and on December 15, 2009, plaintiff filed an opposition to the Motion to Dismiss. On December 21, 2009, Magistrate Judge Geoffrey W. Barnard scheduled oral argument on pending motions[1] for February 19, 2010. On February 2, 2010, plaintiff moved for an extension of time to serve the defendants who had not been served. On February 5, 2010, the Court granted plaintiff's motion, giving plaintiff until May 20, 2010 to serve the remaining defendants. On February 16, 2010, the Court cancelled the oral argument scheduled for February 19, 2010. Now before the Court is plaintiff's August 24, 2010 motion for a second extension of time to serve the remaining defendants.

---

[1] At the time of the Order, only the motion to dismiss was pending before the Court.

DISCUSSION

Rule 4(m) in pertinent part provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P. 4(m).

The Third Circuit has interpreted Rule 4(m) to "require a court to extend the time [to serve a defendant] if good cause is shown and to allow a court discretion to dismiss or extend time absent a showing of good cause." *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F. 3d 1086, 1098 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d. Cir. 1995). "Good cause" requires a "demonstration of good faith . . . and some reasonable basis for noncompliance with the time specified in the rules." 71 F. 3d at 1097. The Third Circuit further noted that "the absence of prejudice [to the defendant] alone can never constitute good cause . . . . While the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id*.

Rule 4(m) thus requires a plaintiff to demonstrate good faith efforts to serve a defendant and some reasonable basis for the failure not to have done so. In support of plaintiff's motion, plaintiff implies that the Court's cancellation of the oral argument scheduled for February 19, 2010 interfered with plaintiff's ability to timely serve the defendants. This lone reason for failure to serve the defendants does not demonstrate good faith attempts by plaintiff to serve the

defendants or a reasonable basis for his failure to do so.  It has been seven months since the Court's February 5, 2010 Order granting plaintiff additional time to serve the defendants, and in the intervening seven months, plaintiff has shown no attempts to comply with the Court's Order.

The Court finds that plaintiff has failed to demonstrate good cause for his failure to timely serve the remaining defendants.  For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's motion is DENIED.

**DATED**: September 22, 2010     S\_____
                                  **RUTH MILLER**
                                  United States Magistrate Judge