DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

LEO FORD                            )
                  Plaintiff,        )
          v.                        )
                                    )
AMBER CAPE PRODUCTIONS, LLC,        )      Civil No. 2009-144
A.S. SAWHENY, MD INC.,              )
BALDOCCHI & SONS, INC.,BARNES       )
YARD, INC., WILLIAM P. WHEELER)
REVOCABLE TRUST, BRADFORD           )
BLACK, BRIAN S. GROSSMAN, BRS       )
ARCHITECTS, INC., CHARLES           )
BROOKS, CHRISTOPHER P. RAGGIO,)
CLIA, INC., CRAIG FRANK LTD,        )
DANIEL J. OLSEN, DANIEL P           )
BUTTAFUOCO, DOUGLAS J.              )
SPRIGGS, DR. MARTIN BURGER,         )
DUNBAR CONSTRUCTION,                )
EARTHWORKS RECYCLING, INC.,         )
FELIX O. SOGADE, GREGORY            )
SMITH, HERMAN A. CARSTENS,          )
HOWARD MERRIT, INFINITY             )
STAIRS, INC., JANELLE JONES,        )
KENNETH GRABOW, LAW PRACTICE        )
MANAGEMENT CONSULTANTS, LLC,        )
LAWRENCE L. ANDERSON, LEWIS         )
GRAYSON SMYER, LYLE B. FABER,       )
MAREK STAWISKI, MARILYN A.          )
DAHMS, MARK HINMAN, MARTIN D.       )
COLLIER, MARVIN TRIPLETT,           )
MATTHEW J. BENETTI, MAXA BEAM       )
SEARCHLIGHTS, INC., MIMBRES         )
INTERNAL MEDICINE P.A., MORROW)
& COMPANY CPAS, NORTH COUNTY        )
ONCOLOGY MEDICAL CLINIC, INC.,)
PYRA CAP, INC., RADCON PC,          )
RICHARD W. WILSON, ROSALIND D.)
TRIPLETT, STANLEY G. HOPP,          )
STEPHEN C. KLASSON, STEPHEN J.)
KROLL, TERRY L, MCVEY, THECO,       )
INC., TIMOTHY W. TESLOW, TONY       )
ZAKHEM, WARREN HUTCHINGS,           )
WATERFRONT FUNDING GROUP, WKNB)
PRODUCTIONS, LLC.                   )
                  Defendants.       )
_____)

**APPEARANCES:**

**Rosh D. Alger, Esq.**
St. Thomas, U.S.V.I.
    *For the Plaintiff*,
**Andrew C. Simpson, Esq.**
St. Croix, U.S.V.I.
    *For the Defendants Baldocchi & Sons, Inc., Bradford Black,*
    *Brian S. Grossman, BRS Architects, Inc., Craig Frank, Ltd.,*
    *Gregory Smith, Herman A. Carstens, Howard Merrit, Janelle*
    *Jones, Kenneth Grabow, Lewis Grayson Smyer, Lyle B. Faber,*
    *Marek Stawiski, Marilyn A. Dahms, Marvin Triplett, Maxa Beam*
    *Searchlights, Inc., Mimbres Internal Medicine P.A., Morrow &*
    *Company CPAS, Richard W. Wilson, Rosalind D. Triplett,*
    *Stanley G. Hopp, Stephen C. Klasson, Stephen J. Kroll,*
    *Theco, Inc. Timothy W. Teslow, Tony Zakhem, Warren*
    *Hutchings.*
**Michael E. Fitzsimmons**
St. Thomas, U.S.V.I.
    *For the defendant Lawrence L. Anderson*
**Daryl C. Barnes**
St. Croix, U.S.V.I.
    *For the defendant Charles Brooks*
**A.S. Sawheny, MD, Inc.**
    *Pro Se*
**Amber Cape Productions, LLC**
    *Pro Se*
**Barnes Yard Inc.**
    *Pro Se*
**William P. Wheeler Revocable Trust**
    *Pro Se*
**Christopher P. Raggio**
    *Pro Se*
**CLIA Inc.**
    *Pro Se*
**Daniel J. Olsen**
    *Pro Se*
**Daniel P. Buttafuoco**
    *Pro Se*
**Douglas J. Spriggs**
    *Pro Se*
**Martin Burger**
    *Pro Se*
**Dunbar Construction**
    *Pro Se*

**Earthworks Recycling, Inc.,**
    *Pro Se*
**Felix O. Sogade**
    *Pro Se*
**Infinity Stairs, Inc.,**
    *Pro Se*
**Law Practice Management Consultants, LLC,**
    *Pro Se*
**Mark Hinman**
    *Pro Se*
**Martin D. Collier**
    *Pro Se*
**Matthew J. Benetti**
    *Pro Se*
**North Cunty Oncology Medical Clinic, Inc.**
    *Pro Se*
**Pyra Cap Inc.**
    *Pro Se*
**RaDCon PC**
    *Pro Se*
**Terry L. McVey**
    *Pro Se*
**Waterfront Funding Group**
    *Pro Se*
**WKNB Productions, LLC**
    *Pro Se*

## <u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion of Defendants' Baldocchi & Sons, Inc., Bradford T. Black, Charles Brooks, BRS Architects, Inc., Herman A. Carstens, Craig Frank, Ltd., Marilyn A. Dahms, Lyle Faber, Kenneth Grabow, Brian Grossman, Stanley Hopp, Warren Hutchings, Janella Jones, Stephen C. Klasson, Stephen J. Kroll, Maxa Beam Searchlights, Inc., Howard Merritt, Mimbres Internal Medicine, P.A., Morrow & Company CPAs, Gregory S. Smith, Lewis Grayson. Smyer, Marck Stawiski, Timothy Teslow, THECO, Inc.,

Marvin Triplett, Rosalind Triplett, Lawrence Anderson, and Tony

Zakhem, Richard W. Wilson, (collectively "Defendants") to dismiss

for lack of personal jurisdiction.  For the reasons set forth

below, the Court will grant the motion.

## **Factual and Procedural History**

Leo Ford ("Ford") is a Virgin Islands resident who was a

consultant to Boston Life & Annuity Company Ltd., a British

Virgin Islands regulated insurance company ("Boston"). Boston

allegedly provided supplemental insurance through a Bahamian

company, Dijon Holdings Limited ("Dijon").  Dijon promoted and

sold an insurance program called "Refund Plus."

According to Ford, Boston wished to stop offering these

policies.  It filed for a declaratory judgment in a court in the

British Virgin Islands ("BVI") seeking a declaration that Boston

was not obligated to offer coverage and repay any part of the

premiums.  The BVI court granted Boston a declaratory judgment.

Defendants filed suit in the Circuit Court of the Eleventh

Judicial Circuit in and for Miami-Dade in May 2006 ("Miami suit")

against Ford for, *inter alia*, anticipatory breach of contract,

unjust enrichment, fraud, negligent misrepresentation,

conversion, and conspiracy.[1]  Ford claims Defendants defamed him

---

[1] The Defendants claim that the case was settled by all
parties except Leo Ford, who was not served and never appeared in
the action.

in the pleadings filed in the Miami-Dade suit.

Ford claims that after filing the Miami-Dade suit, the Defendants launched a publicity campaign with the intention of damaging Ford. He alleges that the campaign was successful because his reputation was damaged within the United States, the United States Virgin Islands, and Central and South America. Ford indicates that the Defendants published a series of internet postings using false internet addresses and fictitious names on kycnews.com and offsshorebusiness.com with the title "The Pen is Mightier than the Fraud." The internet postings accuse Ford of instigating an eleven-million dollar fraud against Defendants.

Ford is unsure who among the Defendants posted the comments because they were made by someone using "false internet addresses and fictitious names." (Compl. ¶ 20) However, he claims the Defendants are responsible for these postings because only they or their attorneys could have known certain details from the postings. Ford asserts that because these postings are on the internet, they cannot be expunged and his damages will continue indefinitely.

Ford states that the Defendants have accused Ford of making false representations to them about Refund Plus, without notice substituting new language containing a cancellation clause in the insurance policy wording of Refund Plus, and being unjustly enriched by eleven-million dollars from insurance premiums. Ford

does not indicate where or when Defendants made these accusations.

Ford bases his claims for defamation, false advertising, wrongful use of civil proceedings, intentional infliction of emotional distress, and punitive damages on Defendants' application for a world-wide freezing injunction against Plaintiff in a British Virgin Islands court, the Miami-Dade lawsuit, and the defamatory web postings Defendants allegedly posted.

Ford alleges jurisdiction is proper under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000. However, Ford does not specifically allege the citizenship of each of the defendants, he only states that they are from "the United States of America (excluding its possessions)." (Compl. ¶ 3). He states he is a citizen of the United States Virgin Islands ("U.S.V.I").

## Discussion

### A. Personal Jurisdiction:

Once a defendant has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)"), the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *See Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima*

*facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because the district court did not conduct a hearing on the Rule 12(b)(2) motion, the plaintiff was only required to make a *prima facie* showing of personal jurisdiction).

To make a *prima facie* showing of personal jurisdiction, the plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

> A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction. Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)); *Patterson by Patterson v. F.B.I.,* 893 F.2d 595, 604 (3d Cir. 1990); *see also United States v. Swiss Am.*

*Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("The *prima facie* showing must be based upon evidence of specific facts set forth in the record . . . [and] go beyond the pleadings and make affirmative proof") (internal quotations omitted); *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict") (internal quotations omitted).

To determine if personal jurisdiction is proper, the Court must assess: (1) whether jurisdiction is authorized by the forum's long-arm statute and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution, which requires that the defendants have certain minimum contacts with the forum. *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.,* No. 2005-46, 2007 WL 1959166, at *2 (D.V.I. 2007); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945)).

The Virgin Islands long-arm statute provides:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's
>
> > (1) transacting any business in this territory;
> >
> > (2) contracting to supply services or things

in this territory;

(3) causing tortious injury by an act or omission in this territory;

(4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;

(5) having an interest in, using, or possessing real property in this territory; or

(6) contracting to insure any person, property, or risk located within this territory at the time of contracting.

(7) causing a woman to conceive a child, or conceiving or giving birth to a child; or

(8) abandoning a minor in this Territory.

(b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

V.I. CODE ANN. tit. 5. § 4903 (1997). This Court has interpreted the statute to apply as widely as constitutional requirements permit, consistent with the intent of the legislature. *See Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 534-36 (D.V.I. 2003) ("[T]he Virgin Islands' Legislature likely intended the reach of the Virgin Islands' long-arm statute to be coextensive with the exercise of personal jurisdiction permitted by the due process clause."); *see also Unlimited Holdings, Inc.,* No.

2005-46, 2007 WL 1959166, at *3 (D.V.I. 2007)(noting the parallel between the long-arm statute and the due process requirements of the constitution).

Due process requires that a foreign defendant have minimum contacts with the forum.[2] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[ ] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316). Under this standard, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Id.* at 370 (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 112 (1987)).

A plaintiff can meet his burden of showing minimum contacts in one of two ways: by establishing either specific or general jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de Puerto Rico, Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004). General jurisdiction is based upon the defendant's "continuous and

---

[2] The Revised Organic Act incorporates by reference the fifth amendment and the second sentence of section I of the fourteenth amendment, the due process clause. 48 U.S.C. § 1561 (1976). In addition, Congress enacted a Bill of Rights for the territory, § 3 of the Revised Organic Act, which extends the federal constitution to the fullest extent possible to the Virgin Islands, as an unincorporated territory of the United States. *Id. See also In re Brown*, 439 F.2d 47, 50-51 (3d Cir. 1971). Thus, the Organic Act requires the same due process analysis that would be utilized under the federal constitution. *See also Gov't of the V.I. v. Bodle*, 427 F.2d 532, 533 n. 1 (3d Cir. 1970).

systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n. 3 (3d Cir. 1996) (citations omitted). In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "'should reasonably anticipate being haled into court'" in that forum. *Id.* at 151 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

## B. Calder "Effects Test"

The Supreme Court of the United States ruled in *Calder v. Jones*, 465 U.S. 783 (1984), that the "unique relations among the defendant, the forum, the intentional tort, and the plaintiff may under certain circumstances render the defendant's contacts with the forum -- which would otherwise not satisfy the requirements of due process -- sufficient." *Imo Industries Inc.*, v. *Kiekart AG*, 155 F.3d 254, 265 (3d Cir. 1998).

In the Third Circuit, a federal court may exercise personal jurisdiction over an out-of-state defendant despite failing to satisfy the requirements of due process when: 1) the defendant committed an intentional tort; 2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of

that tort; and 3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Id*. at 265-266.

## Analysis:

The Court has not held a hearing on Defendants' motion to dismiss for lack of personal jurisdiction. The Plaintiffs' burden is therefore limited to a *prima facie* showing.[3]

To state a *prima facie* case of personal jurisdiction, Ford must establish with reasonable particularity that Defendants fall within the provisions of the Virgin Islands long-arm statute, and that the requirements of due process are satisfied. *See Mellon Bank*, 960 F.2d at 1223; *Unlimited Holdings,* No. 2005-46, 2007 WL 1959166, at *3 (D.V.I. 2007); *Fin. Trust Co.*, 268 F. Supp. 2d at 566.

The Court will first address the long-arm statute's requirements.

## 1. Virgin Islands Long-Arm Statute

In his opposition to the Defendants' motion to dismiss Ford contends personal jurisdiction is proper over the Defendants under Sections (a)(1);(a)(3); and (a)(4) of the Virgin Islands

---

[3] Neither party requested a hearing. *See, e.g., Bachmann Software & Servs. v. Intouch Group, Inc.*, Civ. No. 08-2025, 2008 U.S. Dist. LEXIS 55719, at *16 (D.N.J. July 21, 2008) (unpublished) (noting that "no party has requested an evidentiary hearing" and thus that "the plaintiff must make a prima facie showing of personal jurisdiction").

Long Arm Statute. Ford has attached to his opposition an affidavit titled "Declaration of Leo Ford" ("Declaration") in support of his opposition.

Section (a)(1) applies to entities "transacting any business" in the territory. *See* 5 V.I.C. § 4903(a)(1). Section (a)(3) applies to anyone "causing tortious injury by act or omission in the territory." *Id.* at § 4903(a)(3). Section (a)(2) applies to entities, "causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory." *Id.* at § 4903(a)(4).

The defendants' motion to dismiss includes 27 declarations in which each defendant separately states they do not own real-estate, personal property, maintain any bank accounts, do business, advertise, transact business, contract to provide services or goods, invest in businesses, or solicit any business, in the Virgin Islands. In response, Ford submits an affidavit in which he re-states the same allegations included in his complaint. In his complaint and opposition to the motion to dismiss, he states Defendants posted defamatory remarks on web sites, but he does not provide any information beyond this bare assertion.

"In deciding a motion to dismiss for lack of personal jurisdiction, [the Court] take[s] the allegations of the complaint as true. But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Unlimited Holdings*, No. 2005-46, 2007 WL 1959166, at *1 (D.V.I. 2007)(quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). Further, "the plaintiff must establish personal jurisdiction by a preponderance of the evidence." *Id.* (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992)).

Because Ford does not present any evidence to support a finding of personal jurisdiction, the Court cannot find personal jurisdiction under the Virgin Islands Long-arm Statute.

If a plaintiff is able to establish that the long-arm statute applies to a defendant, the Court then addresses whether the assertion of jurisdiction comports with due process. However, "because [the plaintiff has] failed to establish personal jurisdiction under the Virgin Islands long-arm statute, the Court need not engage in the due process analysis." *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 49 V.I. 1002, 1012 n. 2 (D.V.I. 2008).

## 2. Effect's Test

Ford's failure to establish that the Defendants have minimum

contacts with the United States Virgin Islands does not end the Courts' jurisdictional inquiry. When a plaintiff alleges an intentional tort, he may make an alternative showing against a defendant and thereby "enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *Imo Industries,* 155 F.3d at 260.

To properly assert jurisdiction under the *Calder* effects test the plaintiff must demonstrate: 1) the defendant committed an intentional tort; 2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and 3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity. *Id.* at 265-266.

Here, Ford has alleged defamation and intentional infliction of emotional distress claiming that the Defendants posted defamatory statements about him on various web sites. Defamation and intentional infliction of emotional distress are both intentional torts. *See Remick v. Manfredy*, 238 F.3d 248(3d Cir. 2001) (defamation is an intentional tort). As such, Ford has satisfied the first prong of the *Calder* Test. *See Imo Industries*, 155 F.3d at 265.

Ford alleges that the Virgin Islands is the focal point of the harm suffered because he is a resident of the Virgin Islands

and works in the Virgin Islands.  Therefore, Ford can reasonably

contend that he suffered the brunt of the harm in the Virgin

Islands because it is his home state and place of business.  *See*

*Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001)("Remick may

reasonably contend that he suffered the brunt of the harm in

Pennsylvania," his home state); *Keeton v. Hustler Magazine, Inc.*,

465 U.S. 770, 780 (1984) (finding that individuals endure the

bulk of harm from torts like defamation in their home states).

Ford satisfies the second prong of the *Calder* test.

However, Ford does not satisfy the third prong of the *Calder*

test.  The third prong requires that Defendants "expressly aim

their tortious conduct at the forum such that the forum can be

said to be the focal point of the tortious activity." *Imo*

*Industries,* 155 F.3d at 266.  Ford does not indicate whether

Defendants' allegedly tortious web postings on kycnews.com and

offsshorebusiness.com were accessible worldwide or were

exclusively available to people in the Virgin Islands.

Therefore, the Court does not have enough evidence to find that

Defendants aimed their tortious activities at the Virgin Islands.

*See Remick v. Manfredy*, 238 F.3d at 259 (citing *IMO Industries*,

155 F.3d at 264) ("Given...[the website] was accesible worldwide,

there is no basis to conclude that the defendants expressly aimed

their allegedly tortious activity at Pennsylvania knowing that

harm was likely to be caused there.")

In short, Ford has failed to present evidence to establish a connection between the Defendants and the Virgin Islands under either the traditional minimum contacts analysis or under the *Calder* Effects Test.  As such he has failed to make a *prima facie* showing that would support personal jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Defendants' motion to dismiss for lack of personal jurisdiction. An appropriate order follows.

S\_____
**CURTIS V. GÓMEZ**
**Chief Judge**